UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARY CRAWFORD,

    Plaintiff,

v.                            Case No. 6:26-cv-106-JA-NWH

KEITH HARRIS and NFI
INTERACTIVE LOGISTICS LLC,

    Defendants.
_____

## ORDER

This case is before the Court on review of the Amended Notice of Removal (Doc. 9) and Disclosure Statement (Doc. 11) filed by Defendant NFI Interactive Logistics LLC (NFI).

In the Amended Notice of Removal (Doc. 9), NFI asserts that it is a "New Jersey corporation." (Doc. 9 at 5–6). NFI attached Sunbiz records to the amended notice of removal that purportedly support this assertion. (Docs. 9-5 & 9-6). But these records indicate that, consistent with its name—NFI Interactive Logistics LLC—NFI is a limited liability company, not a corporation. (*See* Doc. 9-5 at 1; Doc. 9-6 at 1).

NFI's amended notice of removal and its disclosure statement assert that NFI "is a citizen of New Jersey by virtue of being organized under the laws of New Jersey with its principal place of business in Camden, New Jersey." (Doc.

11 at 2; *see also* Doc. 9 ¶ 11). But the citizenship of a limited liability company is determined not by the company's place of organization or principal place of business but by the citizenship of each of its members. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); *see also Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218 (11th Cir. 2017). In order to establish its citizenship—and so that the Court can determine whether it has subject-matter jurisdiction over this case—NFI must list each of its members and the citizenship of each of those members. *See* Fed. R. Civ. P. 7.1(a)(2) (requiring that parties in diversity cases file a disclosure statement that "name[s]—and identif[ies] the citizenship of—every individual or entity whose citizenship is attributed to that party").

Additionally, NFI has been sued as—and identifies itself in its filings as—"NFI Interactive Logistics LLC d/b/a National Freight Inc." The Court is not familiar with "doing business as" entities having a corporate designation in their name and is concerned that there may be a corporation involved in this case that is the real party in interest.

Accordingly, it is **ORDERED** that **no later than February 5, 2026**, NFI shall file an amended disclosure statement and a second amended notice of removal that identify each of its members and the citizenship of each member. Additionally, NFI shall explain whether "National Freight Inc." is solely a "doing business as" name or is a corporation. If National Freight Inc. is indeed

a corporation, NFI shall explain NFI's relationship to National Freight Inc. and identify the citizenship of National Freight Inc. by stating the state(s) of its incorporation and the place of its principal place of business. **Failure of NFI to establish this Court's subject-matter jurisdiction on this third attempt may result in remand of this case to the state court from which it was removed.**

      **DONE** and **ORDERED** in Orlando, Florida, on January 29, 2026.

                                      JOHN ANTOON II
                                      United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties